*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VHS OF MICHIGAN, INC., doing business as THE
DETROIT MEDICAL CENTER,

        Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, MICHIGAN
ASSIGNED CLAIMS PLAN, FALLS LAKE
NATIONAL INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, ESURANCE
INSURANCE COMPANY, PROGRESSIVE
MARATHON INSURANCE COMPANY, and
PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Defendants-Appellees,

and

CURRENTLY UNNAMED ASSIGNED OF THE
MICHIGAN ASSIGNED CLAIMS PLAN,

        Defendant.

FOR PUBLICATION
January 27, 2025
1:53 PM

No. 368755
Wayne Circuit Court
LC No. 22-000147-NF

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

        Plaintiff VHS of Michigan, Inc. appeals by right the trial court's order denying its motion for summary disposition. This case concerns the question of whether an insurance company, in this case defendant Falls Lake Insurance Company, and its insured may, without court involvement, rescind a policy of insurance on the basis of fraud such that no payment could be made under the policy after an accident involving an innocent third party. In this case, Falls Lake did just that after a vehicle it insured was in an accident and was driven by a person, Kahari Benson,

-1-

who did not have permission to drive the vehicle. The person Benson injured, Juan Colon, Jr., was an innocent party to the purported fraud that led to the rescission of the policy, and Falls Lake should have known that it could not simply rescind the policy unilaterally to avoid its obligations under it. In other words, an insurer's decision to deny claims because of a purported rescission is not justification for withholding payment when the injured party is not involved in the fraud. Thus, we reverse the trial court's order denying plaintiff's motion for summary disposition concerning plaintiff's request for interest and attorney fees and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On April 25, 2021, Juan Colon, Jr. was injured in an automobile accident when he collided with a vehicle driven by Kahari Benson. The vehicle driven by Benson, a 2008 Dodge Avenger, was owned by an individual named Elizabeth Lucas, and insured by Falls Lake. Benson was not driving the vehicle with Lucas's permission on the day of the accident. As a result of the accident, Colon sustained severe injuries requiring extensive medical intervention.

After the accident, Falls Lake determined that Lucas made a material misrepresentation in her application for insurance in that she listed an incorrect address as the address where she would "garage" the vehicle. According to Falls Lake, the premiums on Lucas's policy would have been higher—or it would not have insured her at all—had she given her true address. As a result of this investigation, on October 28, 2021, Falls Lake informed Colon, who had already submitted claims to it, that coverage was denied in its entirety. Falls Lake also informed Lucas of this fact, and sent her a refund check for the premiums she had paid. Lucas eventually endorsed and cashed the check.

Both Colon and plaintiff brought suit in the trial court seeking payment for Colon's injuries.[1] Falls Lake subsequently moved for summary disposition of the claims against it on the basis that it and Lucas mutually rescinded the policy after Falls Lake discovered Lucas's misrepresentation. According to Falls Lake, the decision between it and Lucas to rescind the policy was applicable to Colon's claims, even though he was not associated with Lucas and did not know of her misrepresentation. Ultimately, the trial court denied Falls Lake's motion, concluding that under a balancing of the equities, rescission of the policy was not appropriate. Accordingly, the trial court concluded that Falls Lake was the insurer of highest priority and liable for Colon's medical bills.

Within 30 days of the trial court's order, Falls Lake tendered payment of the limits under the policy obtained by Lucas, which was $253,640. A dispute arose between plaintiff and Colon as to the apportionment of the amount from Falls Lake, leading Falls Lake to file a motion to disburse the funds, styled as a motion for summary disposition, and close the case. In response, plaintiff moved for summary disposition, seeking an order from the court that it was entitled to penalty interest and attorney fees for the unreasonable delay from Falls Lake paying the claims. Plaintiff argued that Falls Lake was not entitled to unilaterally decide to withhold payment, and

---

[1] Although the two cases were eventually consolidated in the trial court, Colon's claims are not present in this appeal.

when it did so, it became liable for interest and attorney fees. Falls Lake opposed the motion, asserting that it had a good faith dispute over the issue of rescission, which needed to be resolved before it could make payment under the policy.

Ultimately, the trial court agreed with Falls Lake, concluding that it did not delay making payment. While the trial court acknowledged that a dispute over priority would not absolve an insurer from first making payment, Falls Lake's dispute over rescission justified its belated payments. Accordingly, the court denied plaintiff's motion, and granted Falls Lake's motion, ordering that the money be placed in a client trust account and disbursed when an agreement could be reached on apportionment. The court otherwise entered a final order and closed the case. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 601; 997 NW2d 755 (2022) (quotation marks and citation omitted). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Anderson*, 341 Mich App at 507 (quotation marks and citation omitted).

This Court also reviews de novo issues of statutory interpretation. *Mr Sunshine*, 343 Mich App at 602. "The primary goal of statutory interpretation is to identify and give effect to the intent of the Legislature." *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248, 255; 998 NW2d 751 (2022) (quotation marks and citation omitted). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Under MCL 500.3142(2), "personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2) also states that "[i]f reasonable proof is not supplied as to the entire claim," then those parts of the claim that are not sufficiently supported at first but are "later supported by reasonable proof [are] overdue if not paid within 30 days after the proof is received by the insurer." In circumstances where an insurer is unsure whether it or another insurance company is obligated to pay, the insurer is generally not excused from delaying payment. *Griffin v Trumbull Ins Co*, 509 Mich 484, 502; 983 NW2d 760 (2022). In other words, "[w]hen the wrong insurer pays, the Legislature has provided statutory rights for recoupment of payments, and we have recognized an insurer's right to sue for equitable subrogation." *Id*. (citations omitted). This is because the "statutory scheme adopted by the Legislature thus strongly incentivizes insurers to pay first and seek reimbursement later when it is clear that a claimant will be entitled to PIP benefits from someone, and it penalizes unreasonable payment delays." *Id*. at 502-503.

-3-

Plaintiff submitted proof of the fact of loss and the amount of loss sustained as early as June 8, 2021, when Falls Lake wrote to Colon's counsel that it had received Colon's medical bills but could not process them without first receiving a completed PIP application. Four months later, after receiving the application but before plaintiff's complaint had even been filed, Falls Lake denied all claims on the basis of Lucas's rescission. It is this rescission that Falls Lake asserts allowed it to wait almost two years to pay any benefits under its policy.

In *Graham v Jackson*, unpublished per curiam opinion of the Court of Appeals, issued June 18, 2020 (Docket No. 346734), p 2,[2] a case cited by the trial court when denying plaintiff's motion, the defendant insurance company declined to pay for the plaintiff's son's treatment because it was investigating a claim of fraud committed by the plaintiff when applying for the policy. The trial court initially granted the defendant summary disposition on the issue of rescission, but later set aside that order to consider the issue under *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018). *Graham*, unpub op at 3. Ultimately, the trial court concluded that the defendant was not entitled to rescind the policy, and determined that the defendant was also liable for penalty interest and attorney fees as a result of the failure to pay. *Id*.

On appeal, this Court affirmed the trial court's order setting aside its initial summary disposition ruling and concluding that the defendant was not entitled to rescind the policy. *Id*. at 9-10. And because the defendant was not entitled to rescind the policy, it was not entitled to withhold payment of benefits without incurring possible penalties under the no-fault act. *Id*. at 14. The Court explained:

> However, while Everest justifies its decision to not pay Graham's no-fault benefits on the basis of its decision to rescind the no-fault policy, rescission of the no-fault policy is a remedy that the trial court had not yet granted to Everest. In *Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 26; 331 NW2d 203 (1982), the Supreme Court recognized that rescission of a contract is a remedy reserved to the sound discretion of the trial court. See also *United States Fidelity* [*& Guarantee Co v Black*, 412 Mich 99, 134; 313 NW2d 77 (1981)] ("Should the trial court find defendants have satisfied their burden of proof in raising the affirmative defense of innocent misrepresentation or that there was silent fraud, then the court will be given the task of awarding an appropriate remedy.") (emphasis added). Put simply, while Everest was investigating the alleged misrepresentations in an effort to avoid its obligations under the no-fault policy, it still was responsible to tender payment of PIP benefits in accordance with the terms of the policy (unless rescinded by the trial court), the no-fault act, and then later the trial court's orders. Everest was not permitted to unilaterally and automatically absolve itself of responsibility to tender no-fault benefits without the trial court ordering rescission of the no-fault policy. [*Graham*, unpub op at 14.]

In other words, the fact that Falls Lake *believed* it could rescind the policy did not absolve itself of making payment first and later determining which insurer was ultimately obligated to pay.

---

[2] Unpublished decisions of this Court are not binding but may be considered for their persuasiveness. *Eddington v Torrez*, 311 Mich App 198, 203; 874 NW2d 394 (2015).

Accordingly, we reject Falls Lake's argument that it did not fail to pay within 30 days of receiving proof of loss because it paid within 30 days of the trial court's ruling on the issue of rescission. This argument ignores the principle that rescission is a remedy ordered by a court, not unilaterally chosen by an insurance company. This is particularly true here, where an innocent third party, Colon, is the individual affected by Falls Lake's decision.

For its part, the trial court denied plaintiff's request for penalty interest because the case involved a dispute over rescission, not priority of insurers. In the trial court's view, therefore, Falls Lake's decision to withhold payment as a result of its belief the policy had been rescinded was not a delay in payment. However, as explained above, rescission is not a remedy that a party can unilaterally choose without involvement from the court. See *Messerly*, 417 Mich at 26. Just as in a priority dispute, Falls Lake could have paid the claims under a reservation that should the policy be rescinded, another insurance company would eventually make it whole for those payments made while the issue of rescission was determined. This is not what Falls Lake did, however. Months before plaintiff even filed suit, Falls Lake concluded that Lucas materially misrepresented information on her policy application and rescinded the policy. Plaintiff and Colon were forced, therefore, to engage counsel and litigate their claims in order to receive payment they were entitled to under the policy of insurance.

Because Falls Lake failed to pay plaintiff's invoices within 30 days of receipt, plaintiff was entitled to penalty interest under MCL 500.3142(2), and the trial court erred when it denied plaintiff's motion for summary disposition. On remand, the trial court is directed to determine, in the first instance, the amount of penalty interest that is owed by Falls Lake.

Turing to the issue of attorney fees, under MCL 500.3148(1):

> an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

In *Moore v Secura Ins*, 482 Mich 507, 519; 759 NW2d 833 (2008) (quotation marks and citation omitted), the Michigan Supreme Court explained that in order for a plaintiff to recover attorney fees, the benefits must be "overdue," as that term is understood under MCL 500.3142(2). In addition, the decision to withhold payment cannot be unreasonable and must be the "product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty." *Id*. As noted above, the benefits were overdue because Falls Lake failed to pay them within 30 days of receipt. Plaintiff's entitlement to attorney fees, therefore, turns on whether Falls Lake's decision to withhold payment was unreasonable.

Falls Lake was not faced with an issue of statutory construction, constitutional law, or question of fact concerning the accident. Simply speaking, there was no question that Colon, an innocent third party, was entitled to PIP benefits from *an insurer*, the only question was *which insurer* would ultimately be responsible. See *Griffin*, 509 Mich at 502-503 ("The statutory scheme adopted by the Legislature thus strongly incentivizes insurers to pay first and seek reimbursement later when it is clear that a claimant will be entitled to PIP benefits from someone, and it penalizes

unreasonable payment delays."). And because Colon was innocent in the purported fraud by Lucas, Falls Lake also should have known that it could not simply rescind the policy unilaterally with Lucas—in effect, pull the rug out from under Colon's feet—to avoid its obligations under the policy. Allowing gamesmanship like that played by Falls Lake would incentivize insurers to delay or withhold payment on their own belief that they are entitled to avoid the requirements of the no-fault act by entering into collateral agreements with their insureds. The trial court erred, therefore, when it denied plaintiff's motion for summary disposition on the issue of attorney fees. Accordingly, on remand, the trial court shall allow plaintiff the opportunity to present its attorney fees for payment.

The trial court's order denying plaintiff's motion for summary disposition concerning the issue of interest and attorney fees is reversed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young